IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-30076 |
| ) | |
| LAMOND M. SHEPARD, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Lamond Shepard's sentencing hearing held November 13, 2006. Shepard was present in person and with counsel, Douglas Beevers. The Government was present by Assistant United States Attorney Patricia McInerney. On April 24, 2006, pursuant to a Plea Agreement (d/e 14), Defendant Shepard entered a guilty plea to the sole count of the Indictment (d/e 1) in which he was charged with Possession with intent to Distribute at least five grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and

1

841(b)(1)(B).[1]  The Court was in receipt of a Second Revised Presentence Report (PSR), dated October 26, 2006, prepared by the United States Probation Office.

The Government had no objections to the PSR.  Defendant objected to the finding in paragraphs 10, 18, and 19 that he should receive a two-level upward adjustment in the Guideline offense level for obstruction of justice.  At the sentencing hearing, Defendant conceded that his actions constituted an obstruction of justice.  Defendant admitted that he participated in preparing a false statement indicating that the drugs found during the investigation belonged to Jeff Huddleston and not the Defendant.  Defendant, however, disputed the allegation that he threatened or intimidated Huddleston to cause him to take the blame for the Defendant.  Without objection from the Government, the Court thus disregarded the portion of the paragraphs that related to an assertion that Defendant threatened or used any kind of physical pressure on Huddleston.  The Court found that, in all other respects, there was sufficient evidence to

---

[1] Pursuant to the Plea Agreement, Defendant Shepard reserved his right to appeal a factual finding by this Court that he obstructed justice and his right to appeal any sentence that is an upward departure from his Sentencing Guideline Range as established by the Court.  Plea Agreement, ¶ 9.

justify the upward adjustment for obstruction of justice.

Defendant also objected to the finding in paragraph 23 that Defendant qualified as a career offender based on the fact that the Defendant's felony drunk driving conviction constituted a crime of violence according to the Seventh Circuit. The Court noted that it was bound to follow the decisions of the Seventh Circuit and that according to United States v. Rutherford and other subsequent Seventh Circuit cases, a felony conviction for drunk driving is a crime of violence. See Rutherford, 54 F.3d 370, 375 (7th Cir. 1995). The Court, thus, overruled Defendant's objection. Defendant had no additional objections to the PSR. The Court, therefore, adopted the findings of the PSR with respect to calculating the Guideline Range. Accordingly, the Court found that Defendant had a final offense level of 31, and was in Criminal History Category VI. The resulting Guideline sentencing range was 188 to 235 months imprisonment, in Zone D of the Guideline Range. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion in determining Defendant Shepard's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, including the PSR, the statements of counsel, Defendant Shepard's own statement, the applicable sentencing Guidelines, and the relevant statutory sentencing factors, the Court sentenced Defendant Shepard to a term of 188 months imprisonment.[2] The Court did not impose a fine, but ordered Defendant to pay a $100.00 special assessment, which was due immediately. After his release from prison, Defendant was ordered to serve a term of 4 years of supervised release. The Court then advised Defendant of his appeal rights. The Court directed that Defendant Shepard not be transported to his placement at the Bureau of Prisons before December 15, 2006, in order to facilitate any on-going cooperation.

IT IS THEREFORE SO ORDERED.

ENTER:  November 14, 2006.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE

---

[2]The Court rejected Defendant's argument that a sentence below the Guideline Range would be appropriate. The Court determined that a sentence at the bottom of the Range would be more appropriate given Defendant's problematic Criminal History of a very serious nature.